556 So.2d 446 (1990)
Orlando MACHIN, Appellant,
v.
LUMBER TRANSPORT, INC. and International Indemnity Company, Appellees.
Lumber Transport, Inc. and International Indemnity Company, Appellants,
v.
Orlando Machin, Appellee.
Nos. 88-1500, 88-1121.
District Court of Appeal of Florida, First District.
January 24, 1990.
*447 Randall O. Reder, Tampa, Stephen L. Rosen of Morris & Rosen, Tampa, for appellant in case no. 88-1500 and for appellee in case no. 88-1121.
Kathleen R. Hudson, St. Petersburg, for appellees in case no. 88-1500 and for appellants in case no. 88-1121.

CORRECTED OPINION ON MOTION FOR REHEARING

[Original Opinion filed December 14, 1989]
PER CURIAM.
The employer's motion for rehearing directs our attention to its filing of a motion for extension of time on the last day within which to file an appeal. As indicated elsewhere in the opinion, the Judge of Compensation Claims was without jurisdiction to entertain this motion because the employer had previously filed its notice of appeal. Therefore, as the claimant submits, the opinion is revised to the extent reflected below. In all other respects the employer's motion for rehearing is denied.
PER CURIAM.
Originally, the employer appealed an order on the merits in case no. 88-1121. Although required by statute to file a supersedeas bond with its appeal, the employer only filed a notice of appeal. In order to rectify this omission, the employer filed a motion for an extension of time but beyond the period within which the Judge of Compensation Claims (JCC) had jurisdiction to consider it. The JCC granted the employer seven days to file the bond. The employer filed the required bond and the claimant appealed the JCC's order granting the extension of time in the instant case no. 88-1500. The claimant also moved this court to consolidate the appeals and later moved to dismiss the employer's appeal.
This court denied the claimant's motion to dismiss case no. 88-1121 without prejudice to his right to raise issues on appeal in case no. 88-1500. Also, the court denied his motion to consolidate because his appeal may have been determinative of the employer's appeal without reaching the merits. Although we find the claimant's appeal determinative of the employer's appeal, on reexamination it is necessary to consolidate both appeals to effectuate the requested relief. Finding that the JCC lacked jurisdiction to enter the order extending the time to file a bond, we reverse the order in case no. 88-1500 and grant the claimant's petition for attorney fees remanding the case to the JCC to determine the amount of such attorney fees. Furthermore, finding that the employer failed to comply with the mandatory provisions in section 440.25(4)(c), Florida Statutes (1987), we dismiss sua sponte the employer's notice of appeal in case no. 88-1121.
BOOTH, JOANOS and MINER, JJ., concur.